IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARYL LEE BEESON,           §
TDCJ #: 1788958             §
                           §
             Petitioner,    §
                           §   CIVIL ACTION NO. H-15-0854
v.                          §
                           §
WILLIAM STEPHENS,           §
                           §
             Respondent.    §

## MEMORANDUM OPINION AND ORDER

Daryl Lee Beeson filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Federal Petition") challenging his state conviction (Docket Entry No. 1). Pending before the court is Respondent William Stephens' Motion for Summary Judgment with Brief in Support ("Respondent's Motion for Summary Judgment") (Docket Entry No. 11). For the reasons stated below, Respondent's Motion for Summary Judgment will be granted, and Beeson's Federal Petition will be denied.

## I. Background and Facts

On March 29, 2012, in the 221st Judicial District Court of Montgomery County, Texas, a jury found Beeson guilty of two counts of aggravated sexual assault of a child.[1] Beeson elected to have

---

[1]Judgment of Conviction by Jury, Docket Entry No. 12-10, pp. 79-80, 82-83.

punishment assessed by the jury, which sentenced him to consecutive life sentences.[2]  On August 22, 2013, the Court of Appeals for the First District of Texas affirmed Beeson's conviction.[3]  Although Beeson sought and was granted an extension until November 22, 2013, to file his petition for discretionary review ("PDR"), Beeson did not file a PDR.[4]  The appellate court issued its Mandate on October 28, 2013.[5]

On December 12, 2014, Beeson signed his state habeas application.[6]  On March 18, 2015, the Texas Court of Criminal Appeals denied relief without a written order based on the findings of the trial court.[7]  On March 29, 2015, Beeson signed his pending Federal Petition.[8]  Now before the court is Respondent's Motion for Summary Judgment.

---

[2]Id.

[3]First Court of Appeals' Memorandum Opinion, Docket Entry No. 12-24.

[4]Notice from Court of Criminal Appeals, Docket Entry No. 12-27, p. 1.; State Application for Writ of Habeas Corpus, Application No. WR-82,851-01, Docket Entry No. 12-34, p. 7.

[5]Mandate, Appendix E to Beeson's State Application for Writ of Habeas Corpus, Docket Entry No. 12-35, pp. 77-78.

[6]State Application for Writ of Habeas Corpus, Application No. WR-82,851-01, Docket Entry No. 12-34, p. 26.

[7]Action Taken on State Habeas Application, Application No. WR-82,851-01, Docket Entry No. 12-29, p. 1.

[8]Federal Petition, Docket Entry No. 1, p. 12.

## II. <u>Statute of Limitations</u>

### A. Statute of Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas petitions filed after the AEDPA's effective date. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2068 (1997). The AEDPA includes a one-year statute of limitations beginning on the date when the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). In its motion for summary judgment, Respondent contends that Beeson's Federal Petition is time-barred by the statute of limitations set forth in the AEDPA.[9] Beeson responds that his Federal Petition is not time-barred and, in the alternative, that he is entitled to equitable tolling of the statute of limitations.[10]

Beeson contends that his conviction did not become final until the ninety day period for filing a petition of certiorari to the United States Supreme Court expired, notwithstanding his failure to file a PDR in the Texas Court of Criminal Appeals.[11] If a conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking

---

[9]Respondent's Motion for Summary Judgment, Docket Entry No. 11, pp. 4-6.

[10]Petitioner's Response to Motion for Summary Judgment, Docket Entry No. 13, pp. 3-6.

[11]<u>Id.</u> at 3-4.

-3-

such review." 28 U.S.C. § 2244(d)(1)(A).  The Fifth Circuit has determined that, if a defendant stops the appeals process by failing to file a PDR, the one-year limitations period begins to run when the time for filing a PDR expires.  <u>See</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693-95 (5th Cir. 2003).

Beeson sought and was granted an extension to file a PDR by the Texas Court of Criminal Appeals.[12]  With the extension, Beeson's deadline to file a PDR was extended to November 22, 2013.[13]  Therefore, the one-year limitations period began to run on November 22, 2013, when the thirty day period for filing a PDR in state court ended.  <u>See</u> <u>Roberts</u>, 319 F.3d at 694.  Taking into account the one-year limitations period, Beeson's deadline to timely file his Federal Petition was November 24, 2014. Because Beeson's state application for writ of habeas corpus was not signed until December 12, 2014, the limitations period was not tolled while his state application was pending. <u>See</u> <u>Medley v. Thaler</u>, 660 F.3d 833, 834-35 (5th Cir. 2011); <u>See</u> 28 U.S.C. § 2244(d)(2). Accordingly, the one-year limitations period expired on November 24, 2014, and Beeson's Federal Petition filed on March 29, 2015, is time-barred absent equitable tolling.

---

[12]Notice from Court of Criminal Appeals, Docket Entry No. 12-27, p. 1.

[13]<u>Id.</u>

**B. Equitable Tolling**

The AEDPA's limitations period is subject to equitable tolling in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that the AEDPA's limitations period may be equitably tolled only if the petitioner (1) diligently pursued his claim and (2) demonstrates that extraordinary circumstances beyond his control caused the petition's late filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); see also Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013). The petitioner bears the burden of establishing grounds warranting equitable tolling. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).

Beeson contends that he is entitled to equitable tolling because of the inadequacies of the prison law library and delays caused by "non-disciplinary lockdowns."[14] Generally, an inadequate law library does not constitute a "rare and exceptional circumstance" warranting equitable tolling. Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000). Beeson admits that he has the ability to obtain federal legal materials from another prison unit by submitting a request form.[15] Although Beeson alleges that

---

[14]Petitioner's Response to Motion for Summary Judgment with Brief in Support, Docket Entry No. 13, pp. 5-6.

[15]Id. at 5.

-5-

during a lockdown he is unable to obtain a request form for legal materials, he also admits that only two lockdowns occurred in the past year.[16]   Delays caused by intermittent lockdowns and the process for obtaining legal materials do not constitute "extraordinary circumstances" warranting equitable tolling.

In addition to demonstrating "extraordinary circumstances," a petitioner must also show that he pursued his claims diligently to justify equitable tolling of the statute of limitations. Holland, 130 S. Ct. at 2562.  Beeson has not demonstrated that he diligently pursued his claims.  All of Beeson's federal habeas claims were raised in his state habeas petition.  Even with regular delays, it should not require more than twelve months to prepare and file a federal petition that is essentially identical to a petition already filed with the state.  Beeson did not sign his federal petition until March 29, 2015, more than four months after the limitations period expired.  Because Beeson did not diligently pursue habeas relief when he waited more than four months after the expiration of the limitations period to file his federal petition, which alleged the same claims as raised in his state habeas petition, he is not entitled to equitable tolling.

---

[16]Id. at 5-6.

## III.  <u>Certificate of Appealability</u>

Under 28 U.S.C. § 2253 Beeson must obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his Petition.  A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  If denial of relief is based on procedural grounds, the petitioner must not only show that "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' <i>but also</i> that they 'would find it debatable whether the district court was correct in its procedural ruling.'"  <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001) (quoting <u>Slack</u>, 120 S. Ct. at 1604) (emphasis in original).  A district court may deny a COA, <u>sua sponte</u>, without requiring further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  This court concludes that Beeson is not entitled to a COA under the applicable standards. <u>See</u> 28 U.S.C. § 2253(c).

## IV.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1.  Respondent Stephens' Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**

2.  Beeson's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED.**

3.  A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this 30th day of July, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE